Per Curiam.
The contract in question in this action was binding on both the parties. Mrs. Watson, the defendant, bound herself by signing, and the plaintiff charged himself by the payment of a part of the purchase money. The agreement is absolute in its terms, and provided for the surrender of the property on the 15th day of January, 1886; and, also, if peaceable possession of the premises was not permitted to the plaintiff on that day the agreement should be void, and all moneys paid by him should be returned.
It must be assumed that this written agreement expressed the contract between the parties. The question as to whether or not, after the signing of the contract, the plaintiff agreed to extend the time of the surrender of the premises after the 15th day of January, was properly left to the jury by the trial judge upon the evidence. The letter of January 11, 1886, was not a repudiation of the contract because the evidence shows that it was written after the plaintiff had been informed that the contract in reference to assigning the lease would not be carried out. The plaintiff was not required by the agreement to make any further payments until he was placed in actual possession of the property; ana when the defendant told the plaintiff on the 15th day of January, at the time he demanded possession, according to the terms of the agreement, that she could not give him possession on that day, tender was excused. We do not think that there are any other questions in the case which call for discussion. The rulings of the judge appear to be correct and the liability of the defendant seems to be clear.
The judgment must, therefore, be affirmed with costs.